IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>1106 JULIE LANE, POWELL, WYOMING,<br><br>and<br><br>468 HAMILTON WAY, POWELL, WYOMING,<br><br>    Defendant-Properties.<br><br>BIG HORN FEDERAL SAVINGS BANK,<br><br>    Claimant. | Case No. ~~17-CR-124-J~~<br><br>19-CV-63 R |

## SETTLEMENT AGREEMENT

The United States of America is seeking to forfeit four real properties, a vehicle and utility trailer, and all funds deposited in two bank accounts as property constituting, and derived from, the proceeds of healthcare fraud in violation of 18 U.S.C. § 1347. *Verified Compl.*, Doc. 1. Big Horn Federal Savings Bank (Big Horn) claims a mortgage-lien interest on the following forfeitable real properties (the Subject Properties):

    a. **1106 Julie Lane, Powell, Wyoming**: Kattenhorn Sub #2, Lot 19.

    b. **468 Hamilton Way, Powell, Wyoming**: Powell Lumber Sub., Lot 5, Blk. 78A.

*Claim Form*, Doc. 12-1. Big Horn's interest in the Subject Properties arises from a promissory note and related mortgages dated November 1, 2012. *Exhibits*, Doc. 12-2. This agreement compromises and settles Big Horn's mortgage-lien interest in the Subject Properties under the following terms and conditions:

1. The United States agrees that Big Horn was a bona fide purchaser for value of a mortgage lien on the Subject Properties, and therefore Big Horn had a legal right, title, or interest in the Subject Properties prior to the government's filing of the civil forfeiture complaint. Big Horn agrees that the government could prove that the Subject Properties constituted, or were derived from, the proceeds of healthcare fraud, and therefore are forfeitable under federal law. The parties stipulate that the healthcare fraud occurred without the knowledge or consent of Big Horn.

2. The United States agrees that Big Horn will not be required to file an answer to the verified complaint if this agreement is executed by Big Horn prior to the deadline for filing. The government also agrees to request court orders (including a final forfeiture order) incorporating the terms of this agreement and recognizing Big Horn's interest in the Subject Properties as described in this agreement. Big Horn consents to entry of a final forfeiture order incorporating the terms of this agreement.

3. Upon entry of the final forfeiture order, the United States will market and sell the Subject Properties. The sale proceeds from each property shall be distributed in the following order:

   a. payment of the government's expenses related to the seizure, maintenance, custody, publication, marketing, sale, and disposal of the Subject Properties, including any outstanding taxes;

   b. payment to Big Horn of the unpaid principal and interest due under the November 1, 2012, promissory note as of April 15, 2019, in the amount of $221,261.03; and

   c.  payment to Big Horn of unpaid interest at the contractual rate of $32.21 per day from April 16, 2019, until the date of payment.

Any sale proceeds remaining after the satisfaction of the priorities listed above shall be the property of the United States.

  4.  Big Horn understands and agrees that all payments under this agreement will be made solely from the proceeds of the sales of the Subject Properties. Big Horn further understands and agrees that, if the sale proceeds are insufficient, Big Horn may receive less than $221,261.03 (and no per diem interest) in full satisfaction of the government's obligations under this agreement.

  5.  The parties recognize that the Subject Properties may sell at different times. Upon sale of each Subject Property, Big Horn agrees to release any deed, lien, notice of foreclosure, or other claims on that property via recordable documents. The United States may make partial payment following the first sale, or wait until both Subject Properties have been sold to make any payments to Big Horn.

  6.  The payments to Big Horn described in paragraph 3 shall be in full settlement and satisfaction of Big Horn's interest in the Subject Properties, including but not limited to unpaid principal, accrued interest and late fees, foreclosure expenses, and attorneys' fees.

  7.  Big Horn acknowledges that by entering into this agreement, the United States promptly recognized Big Horn's claims, and did not cause Big Horn to incur additional costs and fees. Big Horn further agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States acting in their individual or official capacities, from any and all claims by Big Horn and its agents which currently exist or which may arise as a result of the United States' action against the Subject Properties.

8. Big Horn agrees not to pursue against the United States any other rights that it may have under the mortgages, including but not limited to, the right to initiate or proceed with a foreclosure action.

9. Big Horn understands and agrees that by entering into this settlement of its interest in the Subject Properties, it waives any rights to further litigate its interest in the properties and to petition for remission or mitigation of any forfeiture.

10. Big Horn understands and agrees that the United States reserves the right to void this agreement and terminate the forfeiture action at any time.

11. The parties agree to execute further documents, to the extent necessary, to convey clear title to the Subject Properties to the United States, or affirm such title, and to further implement the terms of this agreement.

12. Each party agrees to bear its own costs and attorneys' fees other than as provided herein.

13. The terms of this agreement are contingent upon the Court's entry of final forfeiture order incorporating the terms of this agreement.

14. In the event it appears the Subject Properties cannot be sold by the United States for an amount sufficient to cover the amounts owing to Big Horn as outlined above, the parties agree that the United States may move to amend the forfeiture order or convey the Subject Properties to Big Horn, free and clear of any encumbrances by the United States in relation to this action.

15. The United States agrees that in the event that it elects to void this agreement, Big Horn shall have all rights to enforce its rights under the mortgage lien that existed prior to the

commencement of the forfeiture action, including but not limited to the right to initiate and proceed with foreclosure, free and clear of any encumbrances by the United States in relation to this action.

Agreed on this __8__ day of __May__, 2019.

MARK A. KLAASSEN
United States Attorney

Dated: __5/24/19__   By: _____
ERIC J. HEIMANN
Assistant United States Attorney
Attorney for the United States

Dated: __5/8/19__   By: _____
JOHN COYNE III
President & Chief Executive Officer
Big Horn Federal Savings Bank

Dated: __5-9-19__   By: _____
RANDY L. ROYAL
Randy L. Royal PC
Attorney for Big Horn Federal Savings Bank