IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2019 JUN 17 PM 4 53
STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 19-cv-063-R |
| 1106 JULIE LANE, POWELL, WYOMING, | ) |
| 468 HAMILTON WAY, POWELL, WYOMING, | ) |
| *Et al.* | ) |
| Defendant-Properties. | ) |
| BIG HORN FEDERAL SAVINGS BANK, | ) |
| Claimant. | ) |

## CONSENT ORDER ON CLAIM

This matter comes before the Court on the government's Motion for Consent Order on Claim. For the reasons stated in the motion, and for good cause shown, the Court GRANTS the motion, and FINDS and ORDERS as follows.

1. In this civil *in rem* action, the United States seeks to forfeit four real properties, a vehicle and utility trailer, and all funds deposited in two bank accounts as property constituting, and derived from, the proceeds of healthcare fraud. *Verified Compl.*, Doc. 1.

2. Big Horn Federal Savings Bank (Big Horn) filed a timely claim asserting a mortgage-lien interest on the following real properties (the Subject Properties):

   a. **1106 Julie Lane, Powell, Wyoming**: Kattenhorn Sub #2, Lot 19.

    b. **468 Hamilton Way, Powell, Wyoming**: Powell Lumber Sub., Lot 5, Blk. 78A. *Claim Form*, Doc. 12-1.

3. On May 8, 2019, the government and Big Horn entered a settlement agreement resolving Big Horn's claims. As part of the agreement, the parties entered certain stipulations. The Court's findings are based upon these stipulations and the record as a whole.

4. Big Horn was a bona fide purchaser for value of a mortgage lien on the Subject Properties, and therefore Big Horn had a legal right, title, or interest in the Subject Properties prior to the government's filing of the civil forfeiture complaint.

5. Big Horn agrees that the government could prove that the Subject Properties constituted, or were derived from, the proceeds of healthcare fraud, and therefore are forfeitable under federal law. The alleged fraud occurred without the knowledge or consent of Big Horn.

6. Upon entry of a final forfeiture order, the United States will market and sell the Subject Properties. The sale proceeds from each property shall be distributed in the following order:

    a. payment of the government's expenses related to the seizure, maintenance, custody, publication, marketing, sale, and disposal of the Subject Properties, including any outstanding taxes;

    b. payment to Big Horn of the unpaid principal and interest due under the November 1, 2012, promissory note as of February 15, 2019, in the amount of $221,261.03; and

    c. payment to Big Horn of unpaid interest at the contractual rate of $32.21 per day from February 16, 2019, until the date of payment.

Any sale proceeds remaining after the satisfaction of the priorities listed above shall be the property of the United States. All payments under the agreement and this order will be made solely from the proceeds of the sales of the Subject Properties. And the payments to Big Horn shall be in full

settlement and satisfaction of Big Horn's interest in the Subject Properties, including but not limited to unpaid principal, accrued interest and late fees, foreclosure expenses, and attorneys' fees.

7. Upon sale of each Subject Property, Big Horn shall release any deed, lien, notice of foreclosure, or other claims on that property via recordable documents. The United States may make partial payment following the first sale, or wait until both Subject Properties have been sold to make any payments to Big Horn.

8. The United States promptly recognized Big Horn's claims, and did not cause Big Horn to incur additional costs and fees.

9. Big Horn is not required to file an answer to the forfeiture complaint. And, unless specifically directed by an order of the Court, Big Horn is excused and relieved from further participation in this action.

10. Big Horn shall release and hold harmless the United States, and any agents, servants, and employees of the United States acting in their individual or official capacities, from any and all claims by Big Horn and its agents which currently exist or which may arise as a result of the United States' action against the Subject Properties.

11. The parties shall execute further documents, to the extent necessary, to convey clear title to the Subject Properties to the United States, or affirm such title, and to further implement the terms of the agreement.

12. Each party shall bear its own costs and attorneys' fees other than as provided herein.

Dated this 17th day of May, 2019.

By: _____
KELLY H. RANKIN
Chief United States Magistrate